CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 9 2008

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VIRGINIANS FOR APPROPRIATE ROADS, et al., | )<br>)<br>) |
| Plaintiffs, | ) Case No. 7:07-CV-00587<br>) |
| v. | )<br>) |
| J. RICHARD CAPKA, ADMINISTRATOR, et al., | ) MEMORANDUM OPINION<br>)<br>) |
| Defendants. | ) By: The Honorable James C. Turk<br>) Senior United States District Judge |

This case is before the court on a motion to hold this case in abeyance filed by the plaintiff, Virginians for Appropriate Roads, et al., ("VAR"). The court has considered the motion and for the following reasons, the court finds that VAR's motion will be denied.

I.

VAR filed an action for declaratory judgment and injunctive relief against the United States Department of Transportation, the Federal Highway Administration, the Virginia Division of the Federal Highway Administration, and the Virginia Department of Transportation on October 15, 2007 in the Eastern District of Virginia. VAR challenges the Record of Decision ("ROD") issued by the Federal Highway Administration and the adequacy of compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., and Section 109(h) of the Federal Aid Highway Act ("FAHA"), 23 U.S.C. § 109(h). Specifically, they challenge the approval of a major, new seventy-two mile freeway to be constructed between Interstate 81 near the City of Roanoke and the Virginia/North Carolina state line, south of the City of Martinsville, in Roanoke,

Franklin, and Henry Counties, and the City of Roanoke, Virginia. The Interstate 73 project (the "I-73 Project") will consist of improvements existing to Interstate 581 and U.S. Route 220 for approximately six miles, and construction on the new location for approximately sixty-six miles. The defendants ("Capka") filed a motion to change venue on November 9, 2007, and this matter was transferred from the Eastern District of Virginia to the Western District of Virginia on December 14, 2007. On December 6, 2007, VAR filed a motion for abeyance pending the issuance of a permit necessary for construction, from the United States Army Corps of Engineers ("USACE"). Capka filed a response, and as such, this matter is ripe for a decision by this court.

## II.

In its motion, VAR pleads the court to hold this case in abeyance for an indefinite duration until the issuance of a project permit from USACE. Before construction can commence on the I-73 Project, the USACE must issue a project permit to the Virginia Department of Transportation, pursuant to Section 10 of the Rivers and Harbors Act and Section 404 of the Clean Water Act. As of this date, the USACE has not issued the required permit and there is no indication that the permit will be issued at any ascertainable time in the future. VAR argues that despite the issuance of a ROD, there exists no finality to the decision until the USACE issues a permit.

In essence, this court must consider the ripeness of the instant matter. The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in "clear-cut and concrete form." Rescue Army v. Munn. Court of L.A., 331 U.S. 549, 584 (1947). This action for declaratory judgement and injunctive relief meets this standard. The parties have presented pleadings before the court alleging coherent and comprehensive facts that present a concrete legal controversy. Regarding ripeness, the United States Court of Appeals for the Fourth Circuit utilizes

a balancing test under Franks v. Ross, 313 F.3d 184, 194 (4th Cir. 2006). Pursuant to Franks, the Fourth Circuit has held that this court must balance (1) the fitness of the issues for judicial decision with (2) the hardship to the parties of withholding court considerations.

After issuance of the ROD and the filing of the action by VAR, this matter became fit for judicial decision. The Fourth Circuit has held that the issuance of a ROD is designated a final agency decision, and as such, it is ripe for review. Jersey Heights Neighborhood Ass'n v. Glendening, 174 F. 3d 180 (4th 1999). See also Sierra Club v. Slater, 120 F.3d 623, 631 (4th Cir. 1997) (holding that pursuant to administrative actions under the Administrative Procedure Act, the issuance of a ROD is a "well-established . . . final agency action"). Accordingly, this court need not wait for the execution of any subsequent procedural step or administrative decision in order to issue a determination in this case.

Regarding the second prong of the balancing test, Capka lists a number of potential hardships that might occur if this court orders an abeyance. Holding the case in abeyance could limit or diminish the number of construction proposals submitted to begin construction. Outstanding litigation could also serve as a deterrent to contractors during the bid solicitation process. Persistent and possibly longstanding litigation, with no foreseeable conclusion, could force FWHA and VDOT to overhaul their respective design and bidding systems for this massive project. Furthermore, the investments in both time and funding from the collective defendants represent a great amount of planning to begin construction of the I-73 project. Withholding court consideration in this case places too great of a burden upon the defendants. The defendants are entitled to a judicial determination.

For the foregoing reasons, this court shall deny VAR's motion to hold this case in abeyance.

3

Case 7:07-cv-00587-JCT   Document 37   Filed 01/29/08   Page 3 of 4   Pageid#: 228

The Clerk is directed to send copies of this memorandum opinion and accompanying order to counsel of record for both the plaintiff and the defendant.

ENTER: This 29th day of January, 2008.

_____
The Honorable James C. Turk
Senior United States District Judge

4